1 Matthew D. Francis, SBN 6978
mfrancis@bhfs.com
2 Arthur A. Zorio, SBN 6547
azorio@bhfs.com
3 BROWNSTEIN HYATT FARBER SCHRECK, LLP
5371 Kietzke Lane
4 Reno, NV 89511
Telephone: 775.324.4100
5 Facsimile: 775.333.8171

6 Attorneys for Plaintiff CapStack Partners, LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CAPSTACK PARTNERS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CAPSTAK, INC., a Delaware corporation,<br><br>Defendant. | CASE NO.: 3:18-cv-00007-RCJ-WGC<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and with the consent of the parties to this action, IT IS HEREBY ORDERED:

1. All documents, materials, items, and/or information which are designated as confidential under the terms of this Protective Order, and contain or comprise confidential and sensitive research, development or commercial information produced either by a party or by a non-party shall be governed by this Protective Order.

2. Any information produced by any party or non-party as part of discovery in this action may be designated by any party or the producing non-party as (1) "Confidential" or (2) "Confidential-Attorneys' Eyes Only." As a general guideline, materials designated "Confidential" shall be those confidential and sensitive things that may be disclosed to the parties for the purpose of the litigation, but which must be protected against disclosure to third parties. As a general

guideline, materials designated "Confidential-Attorney's Eyes Only" shall be those confidential and sensitive things of a financial, commercial, proprietary or technical nature which might be of value to others, and which must be protected from disclosure to such party and/or third parties. Absent a specific order by this Court, or written permission from the designating party, information once designated as "Confidential" or "Confidential-Attorney's Eyes Only" shall be used by parties solely in connection with this litigation, and not for any other purpose, including, but not limited to, business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

3. Any party or non-party wishing to come within the provisions of this Protective Order shall designate, in writing, the documents, information, or portions thereof which he, she or it considers confidential at the time such documents are produced or such information is disclosed, or as soon thereafter as the person or entity seeking protection becomes aware of the nature of the information or materials disclosed and sought to be protected hereunder. In the instance of documents, the items produced must be marked "Confidential" or "Confidential-Attorneys' Eyes Only" by the producing party or non-party. In the instance of depositions, counsel may, in the record of the deposition, designate the transcript or portion thereof as "Confidential" or "Confidential-Attorneys' Eyes Only," and only the parties identified in paragraphs 4 and 5 may then be present in the depositions. The witness under deposition or his counsel may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or non-party that testimony about to be given is deemed "Confidential" or "Confidential-Attorneys' Eyes Only." The designations should be made on the record whenever possible, but a party may designate portions of a deposition either "Confidential" or "Confidential-Attorney's Eyes Only" provided written notice of such designation is given to each party no later than (10) ten days following receipt of the deposition transcript by the designating party.

4. Documents, deposition testimony, or answers to interrogatories stamped "Confidential," or copies or extracts therefrom, and compilations and summaries thereof, and the

2

information therein, may be given, shown, made available to, or communicated in any way only to the Court (including, but not limited to, the presiding judge, clerks, and court staff) and to the attorneys of McDonald Carano and Brownstein Hyatt Farber Schreck, LLP and their full time staff representing the parties hereto.

5. Documents, deposition testimony, or answers to interrogatories stamped "Confidential-Attorneys' Eyes Only" or copies or extracts therefrom, and summaries and compilations thereof, and the information therein, may be given, shown, made available to, or communicated in any way only to (a) the Court (including, but not limited to, the presiding judge, clerks, and court staff) as provided in Paragraphs 9 and 13; (b) the trial counsel designated on the pleadings from the law firms of McDonald Carano and Brownstein Hyatt Farber Schreck, LLP and their full time staff to whom it is necessary that the materials be shown for the purposes of this litigation; (c) consultants as defined in Paragraph 6 hereof and pursuant to the provisions on Paragraph 7 hereof.

6. For purposes of Paragraph 5(c) hereof, a consultant shall be defined as a person who is not an employee of a party nor anticipated to become an employee in the near future, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part-time, by or at the direction of counsel for a party.

7. The procedure for having a consultant approved for access to information designated "Confidential-Attorneys' Eyes Only" shall be as follows:

(a) The party seeking to have a consultant, as defined in Paragraph 6 hereof, approved shall provide the producing party with:

    i) the name of the designated person;

    ii) the present employer and title of said designated person;

    iii) a resume or curriculum vitae of said designated person;

    iv) a written acknowledgment, in the form of Attachment A hereto, signed by the designated person for whom approval is sought, that the person has read this Protective Order and agrees to be bound by its terms.

3

(b) Within five (5) calendar days after emailing the information (if to Brownstein Hyatt Farber Schreck, to all of the following: mfrancis@bhfs.com; azorio@bhfs.com; nlindsley@bhfs.com; and RenoIDFilings@bhfs.com; if to McDonald Carano, to all of the following: jwoelfel@mcdonaldcarano.com; sferguson@mcdonaldcarano.com; ehelms@mcdonaldcarano.com) the information and written acknowledgment described in subparagraph (a), along with a notice quoting this Section 7 in the body of the email, the producing party may object to the person proposed for approval if the producing party has genuine reason to believe that there is a reasonable possibility that the designated person may use information designated "Confidential-Attorneys' Eyes Only" for purposes other than the preparation or trial of this case or that the person proposed is in a competitive position or works for a competitor of the producing party such that they cannot avoid possible use of the protected information. Objections must be based upon a legitimate good faith belief and shall not be made for purposes of delaying approval of said designated person. If an objection is found not to be made in good faith by the court, then the party whom the objection was made shall be entitled to reasonable attorneys' fees and costs. Failure to object within five (5) calendar days to a person proposed shall be deemed approval, but shall but not preclude a producing party from objecting to continued access by that person where facts suggesting a basis for objection are subsequently learned by the producing party or its counsel.

(c) If the producing party so objects, the producing and requesting party shall, within five (5) calendar days from the date of emailing a notice of objection in the same manner and to the adverse email addresses listed in Section (7)(b) above, demand that the other party confer and attempt to resolve the dispute. At the conference, which must take place as soon as possible after the demand therefore is served, the producing party shall inform the requesting party of its reasons for objecting to the designated person. If the parties cannot resolve the dispute, or if the conference does not take place, then the producing party may move the Court for an order that access to information designated "Confidential-Attorneys' Eyes Only" be denied to the designated

person. The time periods are not to restrict either party from moving for a court order earlier if the circumstances so require.

(d) The parties agree that the information identified above in subparagraph 7(a) in most cases constitutes sufficient information from which to approve said designated person, but a party may seek production of additional information if reasonably necessary to determine whether to approve the designated person.

8. All "Confidential" and "Confidential – Attorneys' Eyes Only" information covered by this order shall be kept in secure facilities at trial counsel's offices and in no event be taken to or stored on the premises of a party without having first received written permission from the party designating the document confidential, and access to those facilities shall be permitted only to those designated persons set forth in Paragraphs 4, 5, and 6 of this Protective Order as persons properly having access thereto under the appropriately designated degree of confidentiality. The foregoing sentence does not restrict trial counsel from sending emails containing "Confidential" information to their clients named in the above-entitled action or those designated persons set forth in Paragraphs 4, 5, and 6 of this Protective Order. All counsel for the parties who have access to "Confidential" or "Confidential – Attorneys' Eyes Only" information and documentation under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

9. No party or non-party may file any document containing any information or exhibits designated by another party or non-party as "Confidential" or "Confidential - Attorneys' Eyes Only" within the scope of this Order unless it is filed under seal. No party or non-party may file any document containing any information or exhibits designated by the filing party as "Confidential" or "Confidential -- Attorneys' Eyes Only" within the scope of this Order unless the party concurrently or in advance of the filing seeks leave of Court. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court.

10. If any document or information designated to be "Confidential" or "Confidential-Attorneys' Eyes Only" pursuant to this Protective Order is used during the course of a deposition herein, that portion of the deposition record reflecting such confidential information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

11. A party should designate as "Confidential" or "Confidential-Attorneys' Eyes Only" only such information or documents as the party reasonably and in good faith believes require and justify protection under this Protective Order. If, at any time during the pendency or trial of this action, counsel for any party claims that counsel for any other party is unreasonably claiming certain information produced herein to be confidential, objecting counsel may make an appropriate application to this Court, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. Before filing any such application, the party seeking relief shall confer with the other party to determine whether the matter can be resolved by agreement. The prevailing party in such a dispute shall be entitled to reasonable attorneys' fees and costs pursuant to Federal Rules of Civil Procedure 37(a)(5).

12. The pretrial order submitted by the parties in this action shall address the treatment at trial of documents, information or testimony designated "Confidential" or "Confidential-Attorneys' Eyes Only" pursuant to this Protective Order unless the confidentiality of such information has been removed by agreement of counsel or by this Court in accordance with the provisions of Paragraph 11 of this Protective Order.

13. At any hearing relating to this litigation prior to trial before any judicial officer, subject to the rules of evidence and order of the Court, a party may use any "Confidential" or "Confidential-Attorneys' Eyes Only" information or documents for any purpose, provided that adequate prior notice of such use is given to counsel for the opposing party to permit the opposing party the opportunity to obtain appropriate protection from the Court, including a request to the

Court that the courtroom be cleared and that the court employees be advised as to the terms of this Protective Order. If any party reasonably anticipates that "Confidential" or "Confidential-Attorneys' Eyes Only" information or documents will be presented in any hearing in this litigation, it may request that the Court close the courtroom during such presentation. If the Court denies any such request, the use of the "Confidential" or "Confidential-Attorneys' Eyes Only" information or documents in Court shall not affect its coverage by this Protective Order or constitute a waiver of confidentiality with respect thereto.

14. The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises and inspection of books, records, documents, and tangible things.

15. Unless otherwise permitted by statute, rule or prior court order, papers filed with the Court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule 10-5(b). Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006).

16. The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

17. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

18. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Protective Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

19. This Protective Order shall be effective on the date entered by the Court.

7

20.     All provisions of this Protective Order restricting the communication or use of "Confidential" and "Confidential – Attorneys' Eyes Only" information and documentation shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of "Confidential" and/or "Confidential – Attorneys' Eyes Only" information and documentation other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or nonparty who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

**IT IS SO STIPULATED:**

DATED this 13th day of February, 2018

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: /s/ *Matthew D. Francis*
    MATTHEW D. FRANCIS
    ARTHUR A. ZORIO
    5371 Kietzke Lane
    Reno, Nevada 89511
    mfrancis@bhfs.com
    azorio@bhfs.com

    Attorneys for CapStack Partners, LLC

DATED this 13th day of February, 2018

MCDONALD CARANO

By: /s/ *Jessica L. Woelfel*
    JESSICA L. WOEFEL
    SARAH A. FERGUSON
    100 West Liberty Street, 10th Floor
    Reno, Nevada 89501
    jwoelfel@mcdonaldcarano.com
    sferguson@mcdonaldcarano.com

    Attorneys for Capstak, Inc.

/ / /

/ / /

/ / /

/ / /

# ORDER

Paragraphs 9, 11 and 15 are modified to reflect that any motion to file documents under seal must also comply with *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (2016).

Paragraph 20 is modified to reflect that although the parties may agree to be bound by the confidentiality terms of this Order beyond the conclusion of this lawsuit, the dismissal of this action will terminate the jurisdiction of this Court.

**IT IS SO ORDERED.**

DATED: February 14, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

**Attachment A**

<u>NONDISCLOSURE AGREEMENT</u>

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *CapStack Partners, LLC v. Capstak, Inc.,* United States District Court for the District of Nevada, 3:18-cv-00007-RCJ-WGC and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this order.

Dated:_____          Signed:_____