# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CAPSTACK PARTNERS, LLC,

    Plaintiff,

vs.

CAPSTAK, INC.,

    Defendant.

3:18-cv-00007-RCJ-WGC

**ORDER**

This is a trademark infringement case. Now pending before the Court is a motion to strike Defendant Capstak, Inc.'s ("Capstak") motion for sanctions. (Mot. Strike, ECF No. 24; Mot. Sanctions, ECF No. 20.) For the reasons given herein, the Court denies the motion.

## I. FACTS AND PROCEDURAL HISTORY

On September 9, 2015, Capstak filed a federal trademark application for "Capstak," which was assigned Serial No. 86/752,131. (Compl. ¶ 9, ECF No. 1.) The application was filed in International Class 036 for the following services: "providing an interactive website for users to organize and conduct fundraising by connecting investors and real estate developers for real estate projects." The application included a "first use date" of August 11, 2014, and a "first use in commerce date" of May 1, 2015. Plaintiff CapStack Partners, LLC ("CapStack Partners") claims that both of those dates came after it commenced using its own service mark, "CapStack Partners," in commerce. On April 19, 2016, Capstak's trademark application was granted.

On January 5, 2018, CapStack Partners brought this suit against Capstak for violation of the Lanham Act, unfair competition, and cancellation of the Capstak trademark. On January 29, through counsel, Capstak conveyed to CapStack Partners its belief that this action is frivolous and was filed for an improper purpose. (Woelfel Decl. ¶¶ 4–5, ECF No. 34.) On January 30, a stipulation for extension of time was entered in the record, granting Capstak until February 16 to file its responsive pleading. (ECF No. 8.) On February 8, Capstak served a motion for Rule 11 sanctions on CapStack Partners with a letter stating the motion would be filed with the Court after twenty-one days. (*See* Rule 11 Letter, ECF No. 25-1.) Capstak's letter also requested a second stipulation for extension of time to respond to the Complaint, to which CapStack Partners declined to agree.

On February 12, with the deadline for its responsive pleading approaching, Capstak filed an emergency motion for extension of time. (ECF No. 9.) The basis for this request was that Capstak planned to file its motion for sanctions following the twenty-one day safe harbor period prescribed by Rule 11(c)(2)—which motion would be dispositive of the case if granted—and thus wished to defer the filing of its response until after the Court's ruling on the Rule 11 issue. In order to "illuminate the basis upon which the emergency motion was brought and the need to extend the deadline for Capstak to file a responsive pleading," Capstak attached its forthcoming Rule 11 motion as an exhibit to its motion for extension of time. (Resp. 3, ECF No. 33.) Ultimately, Magistrate Judge William G. Cobb denied the extension and ordered Capstak's responsive pleading filed by February 23. (ECF No. 14.)

On March 14, well after the expiration of the safe harbor period, Capstak filed its motion for terminating sanctions under Rule 11. (ECF No. 20.) The next day, CapStack Partners filed the instant motion to strike the motion for sanctions. CapStack Partners argues that Capstak violated Rule 11's safe harbor provision by filing its motion for sanctions, within the safe harbor

period, as an exhibit to its emergency motion for extension of time. The parties have agreed to stay briefing of the motion for sanctions until after the Court's ruling on the motion to strike. (Stip. Extension Time, ECF No. 31.)

## II. LEGAL STANDARDS

Rule 11 provides, in pertinent part:

> A motion for sanctions . . . must be served under Rule 5, *but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service* . . . .

Fed. R. Civ. P. 11(c)(2) (emphasis added). "[T]he procedural requirements of Rule [11's] 'safe harbor' are mandatory." *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 789 (9th Cir. 2001). The Ninth Circuit enforces these requirements "strictly," and will reverse any award of sanctions where "the challenging party failed to comply with the safe harbor provisions, even when the underlying filing is frivolous." *Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir. 2005).

## III. ANALYSIS

The Court finds that Capstak complied with the safe harbor provision and will thus deny the motion to strike. Rule 11's prohibition on "filing" or "presenting" a motion for sanctions to the court within the safe harbor period should not be construed so broadly as to encompass the situation presented here. A party does not "present a motion to the court" within the meaning of Rule 11(c)(2) simply by attaching it as a relevant exhibit to a motion seeking other, independent relief. The mere act of apprising the court of a forthcoming Rule 11 motion and the grounds upon which it will be based does not itself constitute a circumvention of the safe harbor. Indeed, the extension of time sought by Capstak was entirely based on the likelihood that a Rule 11 motion would be filed, and on Capstak's belief that the grounds for making a Rule 11 motion were such that the motion was likely to be granted. Therefore, within the context of their request for extension of time, it was appropriate to share the motion for sanctions with the Court.

Accordingly, the attachment of the Rule 11 motion to Capstak's motion for extension of time did not constitute a "filing" or "presentation" of the Rule 11 motion for purposes of the safe harbor.[1] Capstak was not submitting the Rule 11 motion for the Court's consideration. Moreover, it is clear that CapStack Partners received the full benefit of the safe harbor in this instance. Even after the filing of the motion for extension of time, CapStack Partners could have taken advantage of the safe harbor by withdrawing or amending the Complaint at any time within the twenty-one days following service. In fact, Capstak did not actually present the Rule 11 motion to the Court until thirty-four days after the motion was served. Thus, the purposes of the safe harbor provision were fulfilled in this case. *See* 5A Wright & Miller, *Fed. Prac. & Proc.*, Civ. § 1337.2 (3d ed.) (listing the "general purposes of the safe harbor provision").

## CONCLUSION

IT IS HEREBY ORDERED that the motion to strike (ECF No. 24) is DENIED.

IT IS FURTHER ORDERED that pursuant to the parties' stipulation (ECF No. 31), CapStack Partners has fourteen days from the date of this order to file a response to Capstak's motion for sanctions. Capstak will then have seven days from the date of service of that response to file its reply.

IT IS SO ORDERED.  24 April 2018.

_____
ROBERT C. JONES
United States District Judge

---

1 To the extent that *Folta v. Winkle*, No. CV-14-01562-PHX-PGR, 2016 WL 4087103 (D. Ariz. July 28, 2016) (Willett, M.J.), suggests otherwise, the Court respectfully disagrees with the reasoning of that order. As an unpublished disposition from another District, *Folta* has no binding authority here. Moreover, *Folta* is distinguishable. In that case, the motion for sanctions was filed as an attachment to a Notice of Intent to Seek Sanctions, not as a relevant exhibit serving to establish a basis for other relief.